

# OFFICE OF
# THE ATTORNEY GENERAL
## AUSTIN, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

February 20, 1948

FAGAN DICKSON
FIRST ASSISTANT

Hon. John A. Romberg
County Attorney
Gonzales County
Gonzales, Texas

Opinion No. V-507

Re: The authority of the
Commissioners' Court to
dissolve a road dis-
trict which has an
authorization for the
issuance of bonds and
upon which no action
has been taken.

Dear Mr. Romberg:

Your request for an opinion of this Department relating to a bond authorization and the dissolution of Road District No. 11 in your county is, in part, as follows:

"By order of the Commissioner's Court of Gonzales County, Texas, dated January 1st, 1937, Road District No. 11 was created. This Road District No. 11 included the territory included in Road Districts Nos. 1 and 3 of Gonzales County, both of which had been in existence for many years prior to 1937. A road bond election was ordered by the Commissioner's Court on January 27th, 1937 'to determine whether or not the bonds of said Road District No. 11 of Gonzales County, Texas shall be issued in the amount of Forty Thousand Dollars', for the purpose of construction, maintenance and operation of macadamized, graveled, or paved roads and turnpikes, or in aid thereof, and whether or not ad valorem taxes shall be levied annually on all taxable property within said Road District No. 11, of Gonzales County, Texas for the purpose of paying the interest on said bonds and to provide a sinking fund for the redemption thereof at maturity. This bond election carried by the requisite vote. The Road District No. 11 bonds have never been

issued and after the order of the Commis-
sioner's Court canvassing the returns and
declaring the proposition carried, no fur-
ther action was taken.

"At the time this bond election was
petitioned for, ordered, and voted on, both
Road District No. 1 and Road District No. 3
had outstanding bonded indebtednesses aggre-
gating in excess of $100,000.00.

"The Commissioner's Court now wishes
to abolish Road District No. 11, and dis-
pose of the bond authorization, in order
that the territory can be redistricted more
in line with current road demands and a new
bonded indebtedness on the new district can
be created.

"QUESTION:  How can this authoriza-
tion to issue $40,000.00 bonds of Road
District No. 11 voted in 1937 be set aside
and the Road District 11 abolished?

"Now, in view of the fact that the
purpose for which the bonds were voted no
longer exists, and that the wording of
the validating statute (Article 752Y-3)
merely authorizes and empowers the Com-
missioner's Court to proceed with the is-
suance of bonds not voted in accordance
with the Compensation Bond Title, and that
over 10 years have passed since the bonds
were authorized, would an order of the Com-
missioner's Court, reciting such facts, and
ordering and declaring the authorization
void and dissolving the Road District, be
effectual and valid to the  extent that it
would not be necessary for a proposed road
district including portion of Road District
No. 11, to comply with Bond Compensation
Statutes in regard to the authorized bonds
of such Road District 11, when such pro-
posed Road District votes new bonds?"

The Commissioner's Court is a court of limited
jurisdiction and confined to the authority conferred up-
on the court by the Legislature.

Article 784a, Vernon's Civil Statutes, provides that in the event any road bond voted or issued by a county, political subdivision or defined district remain unsold at the time of the passage of this Act, then the Commissioners' Court may upon petition order an election to determine whether or not such road bonds shall be revoked or cancelled. However, the effective date of this Act was September 22, 1932, and your bonds were voted in 1937, making the provisions of this Act inapplicable inasmuch as it applies only to those situations in effect at the time of the passage of this Act.

In the case of Orr v. Marrs, 47 S. W. (2d) 440, the court stated:

"The bonds cannot be revoked or cancelled by any agency unless the power to do so is conferred by legislative authority and any doubt as to the existence of such power is, under well established principles, resolved against its existence."

Your factual situation reflects that Road District No. 11 included Road Districts Nos. 1 and 3 in Gonzales County, both of which had an outstanding bonded indebtedness in excess of $100,000.00, and that in the creation of Road District No. 11 the Commissioners' Court failed to comply with the Compensation Bond Act.

Article 767d, V. C. S., provides as follows:

"Where any road district created under the provisions of this Act includes within its limits any previously created road district, or any political subdivision or precinct, having at such time road bond debts outstanding, such included district or subdivision shall be fully and fairly compensated by the new district in an amount equal to the amount of the bonds outstanding against such included subdivision or district, and which shall be done in the form and manner prescribed for the issuance of county bonds under Sections 25 to 27, inclusive, of this Act, except the petition shall be signed by fifty or a majority of the resident property taxpaying voters of the new district, and the bonds proposed to be issued shall be for the purchase or construction of roads in

the included subdivisons or districts
and the further construction, maintenance
and operation of macadamized, graveled or
paved roads and turnpikes, or in aid there-
of. Acts 1926, 39th Leg., 1st C.S., p. 23,
ch. 16, Sec. 28."

In San Antonio & A. P. Ry. Co. v. State, (Com.
App.) 95 S. W. (2d) 680, the court said:

"Section 28 (Vernon's Ann. Civ. St.
art. 767d), in connection with sections
25 to 27 (Vernon's Ann. Civ. St. arts.
767a-767c), of said act provides that
where any road district created under
the provisions of said act includes one
previously created and having road bonds
outstanding, such included district shall
be fully and fairly compensated by the new
district in this manner: An even exchange
made with the holders of the outstanding
bonds, and if this cannot be done, then an
equal amount of the new bonds marked 'non-
negotiable' shall be deposited with the
county treasurer for the credit of the in-
terest and sinking fund as a guarantee for
the payment of such outstanding bonds that
have not been exchanged, after which no
levy shall be made under the original bond
issue, but in lieu thereof, from the taxes
collected on the new bond issue shall be
passed to the credit of such included dis-
trict the necessary sums (interest and
sinking fund as so collected) to be used
to pay in full the outstanding bonds there-
of."

It will be seen from the foregoing that the
Commissioners' Court of Gonzales County, in creating
Road District No. 11 failed to comply with Article 767d,
supra, and it is the opinion of this Department that
Road District No. 11, although created by the Commis-
sioners' Court, did not function pursuant to law; and
even though a bond issue was authorized in said dis-
trict, the same is of no force and effect.

Inasmuch as no bonds were issued, it is assum-
ed that no tax was levied in Road District No. 11 for
the indebtedness in Road Districts Nos. 1 and 3. There-

fore, it follows that Road Districts Nos. 1 and 3 were not affected by the creation of Road District No. 11 on January 1, 1937 since the purpose for which said district was created was never put in existence. The district never did function as a district.

It is true that the 50th Legislature (Art. 752y-3, V. C. S.) validated unissued bond issues of road districts, such as Road District No. 11. Validating acts, however, are usually enacted for the purpose of curing matters of procedure or mechanics, and it is our opinion that by necessary implication the Act would apply only to bond issues, the proceeds of which could be used to carry out the mandate of the voters. For instance, suppose a situation where county bonds are voted to construct a specific road, and after the proposition is voted upon but before the bonds are issued and delivered, the State Highway Department designates the road as a state highway and fully constructs the same. It is clearly evident in such a situation that the purpose for which said bonds were voted would cease to exist. We do not think that it could be the legislative intent in the enactment of such a validating act that said bonds could thereafter be issued and sold. The Act could apply only to bond issues, the proceeds of which could be used to carry out the bond purpose.

Based upon your factual situation, it is our opinion that the road district never came into active existence. Before a new road district, which includes a previously created district with outstanding bonds, can effectively come into existence, compensation bonds must be voted. Compensation bonds were never voted in the situation under consideration; moreover, the purpose for which the road bonds were voted in District No. 11 no longer exists. We do not think that the word "abolish" could be applied to such a district, for the same would necessarily contemplate previous and actual existence. We do think that the Commissioners' Court, under the circumstances, would have the power, implied at least, to rescind its former order. It passed an order purporting to establish the district for the constitutional and statutory purpose, but that purpose was not carried out, and has now ceased to exist. Within its valid discretion, therefore, the court may determine to rescind its former order.

After the rescission of such order, the court may, if it so determines, create another road district under the statutory procedure, which district would include part of the territory which was purportedly within the district, the order for the establishment of which was rescinded.

## SUMMARY

1. The creation of a road district which includes a previously created road district with an outstanding bonded indebtedness, requires compliance with the provisions of the Compensation Bond Act and compensation bonds must be voted.

2. An Act which validates previously voted but unissued bonds does not apply to bonds if the purpose for which they were voted no longer exists.

3. The Commissioners' Court of Gonzales County, Texas, under the facts submitted, may by appropriate order rescind its previously enacted order under which Road District No. 11 was purportedly established, and may thereupon establish another road district which would include part of the territory which was purportedly within said Road District No. 11.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By Burnell Waldrep
Assistant

BW:mw

APPROVED:

FIRST ASSISTANT
ATTORNEY GENERAL